```
        IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____

EDWIN MITCHELL PIRELA,              )
                                    )
        Petitioner,                 )   Case No. 2:07-CV-208 TS
                                    )
    v.                              )   District Judge Ted Stewart
                                    )
CLINT FRIEL et al.,                 )   MEMORANDUM DECISION
                                    )
        Respondents.                )   Magistrate Judge Brooke Wells
_____
```

Petitioner, Edwin Mitchell Pirela, an inmate at Utah State Prison, requests habeas corpus relief.[1] Because, as the State asserts, Petitioner has filed his petition past the applicable period of limitation, the Court denies it.

Petitioner was convicted of aggravated assault and aggravated sexual assault, crimes for which he is serving a fifteen-years-to-life sentence, concurrent with a term of up to five years and a consecutive enhancement of three years. His conviction became final on September 25, 2003--the deadline he missed for filing a petition for writ of certiorari with the United States Supreme Court. On that date, the one-year period of limitation began running on Petitioner's right to bring a federal habeas petition. Because Petitioner did not file a state petition for post-conviction relief during that year, the period of limitation ran out on September 25, 2004. Even so,

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

Petitioner waited until April 3, 2007, more than two-and-one-half years later, to file his current petition.

By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[2]  Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[3]

Regarding statutory tolling, it is true that a state petition for post-conviction relief was filed on October 26, 2004.  This petition was dismissed, then taken through the appeals process, ending March 29, 2006, with the denial of Petitioner's petition for writ of certiorari in the Utah Supreme Court.  However, that proceeding is irrelevant to this analysis because it was not filed until after Petitioner's federal time limit had already expired.  "[A] state court petition . . . that is filed following the expiration of the federal limitations

---

[2] *Id.* § 2244(d)(2).

[3] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted in original)).

period 'cannot toll that period because there is no period remaining to be tolled.'"[4]

Regarding equitable tolling, Petitioner suggests no circumstances that excuse his late filing.

Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that this petition is DENIED because it is barred by the applicable period of limitation.  It is further

ORDERED that all pending motions and requests are MOOT and this case shall be closed forthwith.

DATED this 23rd day of September, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).