IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

EDWIN MITCHELL PIRELA,            )
                                  )
          Petitioner,             )   Case No. 2:07-CV-208 TS
                                  )
     v.                           )   District Judge Ted Stewart
                                  )
CLINT FRIEL et al.,               )   **MEMORANDUM DECISION**
                                  )
          Respondents.            )

_____

     Petitioner, Edwin Mitchell Pirela, an inmate at Utah State
Prison, requested habeas corpus relief in this case.[1]  Because
Petitioner had filed his petition past the applicable period of
limitation, the Court denied him.

     Petitioner now moves for reconsideration of that decision.
He urges the Court to apply equitable tolling to excuse his late
filing.  Specifically, he argues that his attorneys stymied his
efforts to effectively directly appeal his conviction, he suffers
from brain damage, and the prison contract attorneys were not
helpful.

     "Equitable tolling will not be available in most cases, as
extensions of time will only be granted if 'extraordinary
circumstances' beyond a prisoner's control make it impossible to
file a petition on time."[2]  Those situations include times "'when
a prisoner is actually innocent'" or "'when an adversary's

_____

     [1]*See* 28 U.S.C.S. § 2254 (2009).

     [2]*Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir.
1997) (citation omitted).

conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[3]   And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[4]

Against the backdrop of these general principles, the Court considers Petitioner's particular arguments.  First, Petitioner asserts that his lateness should be overlooked because his attorneys mishandled his direct appeal.  However, the circumstances of Petitioner's direct appeal precede September 25, 2003, the date upon which Petitioner's conviction became final. They are, therefore, irrelevant to the period-of-limitation analysis, which started with that date.

Next, Petitioner's contention regarding his mental capacity must fail because it does not involve an external situation. Simply put, Petitioner's mental status does not implicate an "exceptional circumstance" supporting equitable tolling.[5]

Finally, the Court addresses the allegation that the contract attorneys were not helpful.  It is well settled that

---

[3]*Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005).

[4]*Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[5]*See McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005) (unpublished) (holding assertion of brain damage did not warrant equitable tolling); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("[T]he Tenth Circuit has never held that mental incapacity tolls the statute of limitations.").

"'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[6]  Also, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"[7]  It follows that Petitioner's contention that prison contract attorneys did not adequately help him, allegedly thwarting timely habeas filings, does not toll the period of limitation.[8]  Indeed, Petitioner has shown the ability to timely observe his rights, in both the state direct appeal and post-conviction cases.

During the running of the federal period of limitation and two-and-a-half years beyond, Petitioner took no steps himself to "diligently pursue his federal claims."  In sum, none of the circumstances cited by Petitioner qualify as extraordinary, rendering it beyond Petitioner's control to timely file his petition here.

---

[6]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[7]*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2009) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[8]*See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

IT IS THEREFORE ORDERED that Petitioner's motion for reconsideration is DENIED.[9]

DATED this 10th day of August, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9]*See* File Entry # 47.